# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

PROFESSIONAL WINDOW TINTING, INC., a Delaware corporation,  )
)
)
Plaintiff,  )
)  C.A. No. N23C-11-062 FWW
v.  )
)
JAY WALLACE, BRAND IMAGING, INC. and LINCOLN UNIVERSITY,  )
)
)
Defendants.  )

Submitted: January 21, 2026
Decided: March 23, 2026

*Upon Plaintiff's Motion to Strike Defendant's Motion to Dismiss*

**GRANTED**

## <u>ORDER</u>

Robert C. McDonald, Esquire; Adrienne M. McDonald, Esquire, SILVERMAN McDONALD & FRIEDMAN, 1523 Concord Pike, Suite 400, Wilmington, DE 19803, Attorneys for Plaintiff Professional Window Tinting, Inc.

William J. "Jay" Wallace, 540 B Glenhurst Ct. Salisbury, MD 21804, Defendant, *pro se.*

**WHARTON, J.**

This 23rd day of March, 2026, upon consideration of the Revised Motion to Dismiss ("Motion") of Defendant William J. "Jay" Wallace ("Wallace"),[1] Plaintiff Professional Window Tinting, Inc.'s ("PWT") Motion to Strike Defendant's Motion to Dismiss or in the Alternative, Plaintiff's Opposition to Defendant's Motion to Dismiss,[2] Wallace's Reply,[3] and the record in this case, it appears to the Court that:

1.      On November 8, 20253 PWT brought this breach of contract and debt action against Wallace, Brand Imaging, Inc. ("Brand Imaging") and Lincoln University ("Lincoln").[4]   The Complaint alleges that Wallace, individually, and owner of Brand Imaging and agent of Lincoln, entered into a contract in Delaware with PWT for the installation of tinting on windows at Lincoln in the amount of $109,999.00.[5]  The Complaint further alleges that PWT fully performed under the contract, but Wallace failed to pay a balance of $49,999.00.[6]  On June 26, 2024, PWT voluntarily dismissed Lincoln.[7]

2.      In a 13 page motion, Wallace moves to dismiss under Superior Court Civil Rules 12(b)(1) through 12(b)(6), inclusive, for improperly identifying the

---

[1] Mot. to Dismiss, D.I. 35 ("MTD"). The original motion was filed on November 25, 2025, D.I. 33.
[2] Pl.'s Mot. to Strike, D.I. 37.
[3] Def.'s Reply, D.I. 39
[4] Complaint, D.I. 1.
[5] *Id.* at ¶¶ 5, 7.
[6] *Id.* at ¶¶ 8, 9.
[7] D.I. 14.

Defendants, and, anticipatorily, improperly attempting to pierce the corporate veil.[8]

Wallace moves for dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction claiming, that PWT has "provided no written agreement signed by him individually, no evidence of a personal guarantee and no factual basis showing that [he] not Brand Imaging Graphics, LLC, contracted with [PWT]."[9] Further, any personal liability he may have had was discharged in bankruptcy in 2023.[10]

3.     Wallace also contends that the Complaint should be dismissed under Rules 12(b)(2) and 12(b)(3) for lack of personal jurisdiction and improper venue.[11] He argues that the Complaint alleges no facts establishing that he has minimum contacts with Delaware – the work was performed in Pennsylvania, he is a Maryland resident and the alleged contract performance was entirely outside of Delaware.[12] The Motion maintains the same holds true for venue – "none of the operative facts contract negotiations, performance, payment, or alleged breach – occurred in Delaware."[13]

---

[8] MTD, D.I. 35.
[9] *Id.* ¶ 21.
[10] *Id.* at ¶ 22.
[11] *Id.* at ¶¶ 24-26.
[12] *Id.* at ¶ 24.
[13] *Id.* at ¶ 25.

4. Wallace's Motion argues that the Complaint fails to state a claim under Rule 12(b)(6).[14] He claims that no valid contract is alleged,[15] no individual liability is pled,[16] and damages are not pled with the required specificity.[17]

5. The Motion's next argument is that service on him was untimely, implicating the statute of limitations, and warranting dismissal under Rule 12(b)(2). Wallace contends that he was not served for nearly two years after the Complaint was filed, requiring dismissal under Rule 4(j), depriving this Court of personal jurisdiction.[18] Further, the delay defeats the intent of the three year statute of limitation found in 10 *Del. C.* § 8106.[19]

6. Wallace claims that he was improperly sued as "Jay Wallace" when his real name is William J. Wallace and that Defendant Brand Imaging, Inc. is an entity that never existed.[20] The company's correct name was Brand Imaging Graphics, LLC, but it was dissolved in August 2023.[21] "Because Plaintiff sued the wrong

---

[14] *Id.* at ¶¶ 27-30.
[15] *Id.* at ¶ 27.
[16] *Id.* at ¶ 28.
[17] *Id.* at ¶ 29
[18] *Id.* at ¶¶ 31, 32.
[19] *Id.* at ¶ 32.
[20] *Id.* at ¶ 33.
[21] *Id.*

4

names and attempted to proceed against a dissolved entity with no capacity to be sued, dismissal is required under Rule 12(b)(4)."[22]

6. The Motion's last ground for dismissal is entitled "Corporate Veil Piercing Defense (Anticipatory)." The Motion states that to the extent the Plaintiff may attempt to hold him personally liable by piercing the corporate veil, that effort would fail.[23]

7. PWT responded by moving to strike the Motion, or alternatively, to deny it.[24] PWT disputes all of Wallace's Rule 12(b) arguments, observes that he relies on information outside of the pleadings, giving the Court the option of converting the motion to one for summary judgment, and fails to comply with the Court's page limit of six pages for motions.[25] It asks the Court to strike the motion.[26] Alternatively, PWT notes that Delaware is a notice pleading state, and under that standard, Wallace's Rule 12(b) contentions are without merit.[27]

8. Wallace opposes PWT's Motion to Strike.[28] He maintains it must be denied because Rule 12(f) only allows the Court to strike pleadings and motions are

---

[22] *Id.* at ¶ 35.
[23] *Id.* at ¶¶ 36-38.
[24] Pl.'s Mot. to Strike., D.I. 37.
[25] *Id.* at ¶ 2.
[26] *Id.* at ¶ 3.
[27] *Id.* at ¶ 4.
[28] Def.'s Opp. to Pl.'s Mot. to Strike, D.I. 39

not pleadings under Rule 7(b).[29] Further, he argues that striking his motion for exceeding the Court's page limitation is an overly harsh sanction to impose upon a *pro se* litigant.[30] He proposes that he be allowed to refile a motion that conforms with the rules if the Court finds his motion noncompliant.[31] Finally, he asks the Court to disregard matters outside of the pleadings in his motion and refrain from exercising its discretion to convert the motion to a summary judgment motion.[32]

9.      Superior Court Civil Rule 78(b) provides, "Motions shall not exceed six pages in length."[33] At 13 pages, the Motion to Dismiss is more than double the authorized length. While this Court has excused *de minimus* defects,[34] it finds the defect here substantial. Absent the ability to strike nonconforming motions, the Court would be powerless to enforce Rule 78(b). Accordingly, the Motion to Dismiss is stricken. Nevertheless, in light of Wallace's *pro se* status[35] and in the interests of justice, the Court grants him leave to file a conforming motion.

---

[29] *Id.* at ₱₱ 4-10.
[30] *Id.* at ₱ 11.
[31] *Id.* at ₱ 12.
[32] *Id.* at ₱₱ 13-17.
[33] Super. Ct. Civ. R. 70(b).
[34] *See, Kostyshyn v. Board of Adjustment (Town of Bellefonte),* 2007 WL 3380126 at \*3 (Del. Super. Ct. Aug. 17, 2007); *State v. Stevens,* 2017 WL 2480803 at \*2 (Del. Super. Ct. 2017.
[35] Wallace may be a *pro se* litigant, but his papers display more legal acumen than the typical *pro se* party.

**THEREFORE**, Plaintiff Professional Window Tinting, Inc.'s Motion to Strike is **GRANTED.** Defendant Jay Wallace is granted leave to file a Motion to Dismiss conforming to Superior Court Civil Rule 78(b) no later than 20 days from the date of this Order.

**IT IS SO ORDERED.**

/s/ Ferris W. Wharton
Ferris W. Wharton, J.